IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARVIN DALLAS LYNCH, #214178, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:17-cv-774-ECM-SMD |
| ) | [WO] |
| STATE OF ALABAMA, *et al.*, ) | |
| ) | |
| Respondents. ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This is Marvin Dallas Lynch's ("Lynch") petition for writ of habeas corpus under 28 U.S.C. § 2254. Doc. 1. Lynch challenges his Chambers County, Alabama convictions for first-degree robbery and reckless endangerment. For the following reasons, the undersigned Magistrate Judge RECOMMENDS that Lynch's petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

### I.    PROCEDURAL HISTORY

#### A.    State Criminal Conviction

In November 2008, a Chambers County jury convicted Lynch of first-degree robbery, second-degree theft of property, and reckless endangerment. Doc. 11-1 at 2. On December 11, 2008, the trial court sentenced Lynch as a habitual offender to prison sentences of 60 years for his first-degree robbery conviction, 10 years for his second-degree theft conviction, and 1 year for his reckless endangerment conviction, all to run concurrently. *Id.*

Lynch appealed, arguing that the trial court erred by admitting into evidence a diagram of the crime scene drawn by an investigating officer while on the witness stand. Doc. 11-4 at 22.[1]  On July 24, 2009, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming Lynch's convictions and sentence. Doc. 11-2.  Lynch applied for rehearing, which was overruled. Doc. 11-4 at 31.  He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on May 7, 2010. *Id.*

  **B.** **State Post-Conviction Proceedings: First Rule 32 Petition**

On August 7, 2010, Lynch filed a petition in the trial court seeking relief under Alabama Rule of Criminal Procedure 32. Doc. 11-3 at 2.  In his Rule 32 petition, Lynch raised claims of ineffective assistance of counsel and also argued that the trial court lacked jurisdiction to conduct his trial because the proceedings were based on an "illegally drawn indictment." *Id.*  On September 10, 2010, the trial court entered an order denying Lynch's Rule 32 petition. *Id.*  Lynch appealed, and on April 22, 2011, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the denial of the Rule 32 petition. Doc. 11-3.  Lynch applied for rehearing, which was overruled. Doc. 11-4 at 31. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on August 5, 2011. *Id.*

  **C.** **Lynch's First Federal Habeas Petition**

---

[1] Some of the procedural background set forth in this Recommendation is gleaned from the record of Lynch's first § 2254 petition. *Lynch v. Thomas*, 2014 WL 5113623 (M.D. Ala. 2014).

On September 16, 2011, Lynch filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court presenting claims that: (1) the trial court erred by denying his motion to suppress his statement, (2) the trial court erred by admitting the diagram of the crime scene, (3) his trial counsel rendered ineffective assistance of counsel, (4) his appellate counsel was ineffective, and (5) his indictment was void because it lacked sufficient facts describing the offenses. Doc. 11-4 at 38–40.[2] On September 24, 2014, this Court entered an order and judgment denying Lynch's § 2254 petition and dismissing the action with prejudice.[3] The Eleventh Circuit later denied Lynch a certificate of appealability from the denial of his § 2254 petition.[4]

### D. Second Rule 32 Petition

On June 29, 2015, Lynch filed a second Rule 32 petition with the trial court. Doc. 11-7 at 4–70. In his second Rule 32 petition, Lynch asserted a claim that his convictions for first-degree robbery and second-degree theft of property violated double jeopardy principles because the theft of property was a lesser-included offense of the robbery and his convictions for those offenses arose from one criminal act. *Id*. Lynch also asserted claims that the State suppressed exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and that the trial court lacked jurisdiction to render judgment or impose sentence because there was no probable cause to support his arrest warrant. *Id.*

---

[2] *Lynch*, 2014 WL 5113623.
[3] *See also Lynch*, 2014 WL 5113623; Docs. 29, 31, 32.
[4] *See also Lynch*, 2014 WL 5113623; Doc. 38.

On July 21, 2015, the trial court entered an order denying Lynch's Rule 32 petition. Doc. 11-7 at 98. Lynch appealed, pursuing the claims in his petition. Doc. 11-9. On June 3, 2016, the Alabama Court of Criminal Appeals issued an opinion affirming the trial court's denial of Lynch's *Brady* claim and his claim regarding his arrest warrant. Doc. 11-11. However, the Alabama Court of Criminal Appeals found that Lynch's double jeopardy claim was meritorious, agreeing with Lynch that theft of property was a lesser-included offense of robbery and that his convictions for the two offenses arose from one criminal act. Doc. 11-11 at 10–20. Accordingly, the Alabama Court of Criminal Appeals remanded the case with orders for the trial court to vacate Lynch's conviction and 10-year sentence for second-degree theft of property. *Id.*

On June 13, 2016, the trial court entered an order vacating Lynch's conviction and sentence for second-degree theft of property, leaving in place his convictions for first-degree robbery and reckless endangerment. Doc. 11-13. On September 2, 2016, on return to remand, the Alabama Court of Criminal Appeals affirmed the trial court's judgment. Doc. 11-14. Lynch applied for rehearing, which was overruled. Doc. 11-14. He then filed a petition for writ of certiorari with the Alabama Supreme Court, which that court denied on February 10, 2017. Doc. 11-16.

## II.   DISCUSSION

Lynch filed the instant § 2254 petition on November 9, 2017. Doc. 1. In his petition, Lynch appears to argue that all his convictions violate double jeopardy principles because the charges for those offenses arose from the same course of conduct. Doc. 1 at 5, 26–34. Lynch maintains that his convictions for first-degree robbery and reckless endangerment

4

should be vacated. *Id.* Respondents filed an answer arguing that Lynch's § 2254 petition should be dismissed for lack of jurisdiction as a successive habeas petition under 28 U.S.C. § 2244(b)(1). (Doc. 11). Alternatively, Respondents argue that Lynch's petition should be dismissed because his double jeopardy claim lacks merit. *Id.*[5]

### A.     The Court has jurisdiction over Lynch's instant petition.

Respondents first argue that Lynch's § 2254 petition constitutes a successive petition under 28 U.S.C. § 2244(b)(1) because it is his second habeas petition challenging the same judgment of conviction. Doc. 11 at 6–10. Respondents contend that, because Lynch has not obtained permission from the Eleventh Circuit to file a second habeas petition, Lynch's instant petition should be dismissed for want of jurisdiction. *Id.*

Title 28 U.S.C. § 2244(b)(3)(A) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." A district court lacks jurisdiction to consider a "second or successive" habeas corpus petition not authorized by an appellate court. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 127 (2007); *Fugate v. Dep't of Corr.*, 301 F.3d 1287, 1288 (11th Cir. 2002).

In *Magwood v. Patterson*, the Supreme Court held that, "where . . . there is a new judgment intervening between two habeas petitions, an application challenging the

---

[5] Respondents also argue that Lynch's petition should be dismissed because he has not exhausted his double jeopardy claim in state courts. Doc. 11. Because the Court concludes that Lynch's double jeopardy claim lacks merit, the Court does not address Respondents' exhaustion argument.

5

resulting new judgment is not second or successive" under the AEDPA. *Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010). The Eleventh Circuit has further held that, "when a habeas petition is the first to challenge a new judgment, it is not 'second or successive,' regardless of whether its claims challenge the sentence or the underlying conviction." *Insignares v. Sec'y, Florida Dep't of Corr.*, 755 F.3d 1273, 1281 (11th Cir. 2014).

Under the federal habeas statute, a habeas petition may challenge only the state-court judgment pursuant to which the petitioner is being held in custody. 28 U.S.C. § 2254(a). Due to this restriction, the federal habeas statute is "specifically focused on the judgment which holds the petitioner in confinement." *Ferreira v. Sec'y, Dep't of Corr.*, 494 F.3d 1286, 1293 (11th Cir. 2007). The Eleventh Circuit has explained that "the judgment to which [the federal habeas statute] refers is the underlying conviction and most recent sentence that authorizes the petitioner's current detention." *Id.* at 1292.

For Lynch, the judgment authorizing his current confinement is the judgment of June 2016 entered upon the vacatur of his conviction for second-degree theft of property. That judgement "replaced" the judgment entered upon his December 2008 sentencing. *See, e.g.*, *Thompson v. Florida Dep't of Corr.*, 606 F. App'x 495, 505 (11th Cir. 2015) (finding a "new judgment" for purposes of AEDPA's statute of limitations in state court's resentencing of petitioner for three convictions to same terms of imprisonment as in previous sentence, albeit changing two terms from consecutive to concurrent). This is so even though—in light of Lynch's concurrent 60-year sentence for robbery—the length of Lynch's actual incarceration term was unaffected by the vacatur of his theft conviction.

6

Accordingly, the June 2016 judgment constitutes a new judgment for purposes of the AEDPA. The Court therefore has jurisdiction to consider Lynch's instant petition.

### B.   Lynch's double jeopardy claim lacks merits.

Respondents next argue that Lynch's instant petition should be dismissed because his double jeopardy claim lacks merit. Doc. 1 at 5, 26–34. The test for determining a violation of double jeopardy principles is "whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon*, 509 U.S. 688, 696 (1993); *see also Blockburger v. United States*, 284 U.S. 299, 304 (1932).

Under Alabama law, the crimes of first-degree robbery (ALA. CODE § 13A-8-41)[6] and reckless endangerment (ALA. CODE § 13A-6-24)[7] each require proof of an element that the other crime does not. First-degree robbery requires proof of commission of a theft, while reckless endangerment requires no such proof. Reckless endangerment requires

---

[6] Section 13A-8-41 states:
    (a) A person commits the crime of robbery in the first degree if he violates Section 13A–8–43 and he:
        (1) Is armed with a deadly weapon or dangerous instrument; or
        (2) Causes serious physical injury to another.
ALA. CODE § 13A-8-41. Section 13A-8-43 states:
    (a) A person commits the crime of robbery in the third degree if in the course of committing a theft he:
        (1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
        (2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property.
ALA. CODE § 13A-8-43.

[7] Section 13A-6-24 states: "A person commits the crime of reckless endangerment if he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person." ALA CODE § 13-6-24(a).

7

proof of engagement in reckless conduct that creates a substantial risk of serious physical injury to another person, whereas first-degree robbery has no such requirement. Because each crime requires proof of an element that the other does not, Lynch's convictions for first-degree robbery and reckless endangerment do not violate double jeopardy principles. Lynch's double jeopardy claim therefore lacks merit.

### III. CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that Lynch's § 2254 petition (Doc. 1) be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation on or before **February 17, 2021**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 3rd day of February, 2021.

/s/ Stephen M. Doyle
_____
Stephen M. Doyle